IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dehaven Jamel Williams, | ) | C.A. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| Wells Fargo Bank, NA and JP Morgan Chase Bank, NA, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant Wells Fargo Bank, NA ("**Wells Fargo**") removes the above-captioned action from the Court of Common Pleas for Darlington County, South Carolina to the United States District Court for the District of South Carolina, Florence Division. Wells Fargo is entitled to removal pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 based on federal question jurisdiction and supplemental jurisdiction. As grounds in support of this Notice of Removal, Wells Fargo shows the Court as follows:

1. On or about May 9, 2023, Plaintiff Dehaven Jamel Williams ("**Plaintiff**") filed a Complaint against Wells Fargo in the Court of Common Pleas, County of Darlington, State of South Carolina, under Case No. 2023-CP-16-00342 ("**State Court Action**"). The Complaint alleges that Plaintiff, who has a checking and savings account with Wells Fargo, on or about February 8, 2023 detected two fraudulent electronic wire transfers in the amounts of $9,000 and $8,500 from his Wells Fargo checking account to a JP Morgan Chase Bank, NA ("**Chase**") account. (Compl., ¶¶ 25-26, 29-31.) Plaintiff alleges he immediately contacted Wells Fargo to advise the transfers were fraudulent, and Wells Fargo did not take timely or appropriate action to stop or reverse the transfers. (*Id.* at ¶¶ 29-30.) Plaintiff alleges he also notified Chase, who did not take timely or appropriate action, resulting in the loss of $17,500. (*Id.* ¶¶ 30-31.) Plaintiff asserted

claims for Violation of the EFTA and Relegation E (failure to apply limit of liability), Violation of the EFTA and Regulation E (failure to comply with error resolution procedures), Negligent Banking, and Violation of UCC Article 4A.

2. The Summons and Complaint, copies of which are attached as **Exhibit A**, were served on Wells Fargo on May 15, 2023.

3. This Notice of Removal is filed within 30 days of service on Wells Fargo in accordance with the provisions of 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. § 1446(b)(2), Wells Fargo states that Chase consents to removing this matter to this Court. See attached **Exhibit B**.

5. The time for filing a responsive pleading in the State Court Action has not expired as of the filing of this Notice of Removal

6. This Court has original jurisdiction of this action under 28 U.S.C. §1331. Plaintiff's Complaint includes claims for violating the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA") and its implementing regulations, Regulation E (12 C.F.R. § 205 et seq.). Plaintiff's Complaint therefore presents a federal question within the meaning of 28 U.S.C. § 1331, as it arises under the laws of the United States.

7. This Court has supplemental jurisdiction over Plaintiff's claims for negligent banking and UCC Article 4A claims because these causes of action relate to exactly the same activity that prompts Plaintiff's federal claims. Plaintiff's claims all concern Wells Fargo and Chase's allegedly improper handling of a wire transfer and improper response to Plaintiff's notification that unauthorized electronic fund and/or wire transfers had occurred from his Wells Fargo depository account to a Chase account. Plaintiff's state-law claims are "so related to the claims in the action within [this Court's] original jurisdiction that they form part of the same case or controversy" and, as a result, fall within this Court's supplemental jurisdiction as provided under

28 U.S.C. § 1367(a); see also 28 U.S.C. § 1441(c) (providing that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein").

8. In accordance with 28 U.S.C. §§ 1441(a) and 1441(c), venue of the removal action is proper in this Court because it is in the district and division embracing the place where the state court action is pending.

9. In accordance with 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Wells Fargo will give written notice of the removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of Court of Common Pleas, County of Darlington, State of South Carolina.

10. Nothing containing in this Notice of Removal, or accompanying papers, must be interpreted, or intended, to waive or relinquish any of Wells Fargo's rights to assert any defense or affirmative matter. By filing this Notice of Removal, Wells Fargo does not waive its right to assert (1) improper venue, (2) insufficient service of process, (3) failure to state a claim, (4) failure to join a party under Rule 19, or (5) any other pertinent defense available under Rule 12 of the South Carolina and Federal Rules of Civil Procedure.

WHEREFORE, Wells Fargo gives notice that this action is removed to the United States Court for the District of South Carolina, Florence Division.

(Signature Page to Follow)

Dated: June 14, 2023

/s/ Jason D. Wyman
S. Sterling Laney, III (Federal ID No. 6255)
Jason D. Wyman (Federal ID No. 11294)
WOMBLE BOND DICKINSON (US) LLP
500 South Main Street, Suite 400
Greenville, South Carolina 29601
Telephone:  (864) 255-5400
Email:  Sterling.Laney@wbd-us.com
            Jason.Wyman @wbd-us.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*